[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The legal issue posed by the defendant's motion to strike is whether General Statutes § 20-429 can be used as a sword by a homeowner to recover sums already paid to a contractor for work completed, not just as a shield to defend against a breach of contract claim by a contractor seeking to enforce a contract who has allegedly failed to comply with the provisions of the Home Improvement Act (HIA) found in chapter 400 of the General Statutes. The court holds that the protections of § 20-429
are a shield against damages claims for unpaid bills for work completed brought by a noncompliant contractor seeking to enforce his contract, but cannot be used as a sword to compel a one-sided recission of an agreement wherein the consideration paid is to be reimbursed to the party who retains the benefit of the work completed.
The matter is analogous to the statute of frauds as a defense to claims brought without a proper writing or memorandum binding the party to be charged. There, noncompliance is a defense to a lawsuit seeking payment which shields the defendant against the plaintiff's money damages claim.
The appellate case law concerns the use of the defense of noncompliance with the HIA in suits for damages brought by contractors. See, e.g., Rizzo Pool Co. v. Del Grosso,232 Conn. 666, 657 A.2d 1087 (1995). The Superior Courts have uniformly determined that § 20-429 is a defense and cannot be used as an independent cause of action. See McClain v. Byers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301761 (April 19, 1995, Hauser, J.) (14 CONN. L. RPTR. 98) ("[T]he weight of the case law on this type of suit by a CT Page 14528 homeowner suggests that Conn. Gen. Stat. § 20-429 is a defense and does not provide an independent cause of action for a homeowner against a contractor . . . The Home Improvement Act provides a homeowner with a defense. It cannot be used as an offensive weapon. It merely invalidates a contract from being enforced." (Citations omitted; internal quotation marks omitted.)); see also Lawrence v. Wadia Enterprises, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 152672 (September 10, 1996, Karazin, J.)Klein v. Hathaway, Superior Court, judicial district of Stamford Norwalk at Stamford, Docket No. 142988 (March 15, 1996, Karazin, J.); McDonouqh v. Fanelli, Superior Court, judicial district of New Haven at New Haven, Docket No. 308104 (February 4, 1996, Gray, J.) (11 CONN. L. RPTR. 31); Rephan v. Clohessy BuildingCo., Superior Court, judicial district of New Haven at New Haven, Docket No. 295925 (April 2, 1991, McKeever, J.) (3 CONN. L. RPTR. 428, 6 C.S.C.R. 425); Widell v. Perkett, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 362147 (November 21, 1990, Hennessey, J.) (2 CONN. L. RPTR. 822); Benedetto v. New Bath Inc., Superior Court, judicial District of Stamford-Norwalk at Stamford, Docket No. 106862 (August 29, 1990, Ryan, J.) (2 CONN. L. RPTR. 310). "Section20-429(a) provides in pertinent part that [n]o home improvement contract shall be valid or enforceable against an owner unless it: (1) is in writing . . .' (Emphasis added.) Section 20-429 (a), by its express terms, applies where a contractor seeks to enforce a home improvement contract against the homeowner. The statute creates a defense which may be raised by the homeowner in the context of a motion for summary judgment. See, e.g., Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 247, 618 A.2d 306 (1992) . However, § 20-429 (a) does not create a cause of action that may be asserted by the homeowner against a home improvement contractor." Schwimmer v. Randall, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 316210 (December 1, 1995, Ballen, J.).
The defendant's motion to strike the third count of the amended complaint is granted.
J. Flynn, Judge